## CIRCUIT COURT OF ROCKINGHAM COUNTY

Charles P. Lawson et al.

    v.

Charles Bush et al.

December 27, 1984

Case No. (Chancery) 10296

By JUDGE JOSHUA L. ROBINSON

The sole question presented by the exceptions to the Commissioner's Report is whether the Commissioner's finding that the signature of the exceptant to a 1949 deed conveying her undivided interest in the property that is the subject of this partition suit was not a forgery, is contract to the evidence. The exceptions will be overruled.

The Court reviews the Commissioner's Report under well established principles.

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. (Citations omitted) This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report. On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong. *Hill v. Hill*, 227 Va. 569, 576 (June 15, 1984); see *Smoot* v. *Smoot*, Circuit Court of Shenandoah County, Chancery No. 2232, May 29, 1984,

Sarver, J.: *Jacob v. First and Merchants National Bank*, Circuit Court of Loudoun County, Law (sic) No. 7694, Dec. 19, 1984, Whiting, J.

The Court has reviewed the evidence taken before the Commissioner and the exhibits. References to the hearing on June 15, 1984, will be referred to as (I p. ---); references to the hearing of July 26, 1984, will be (II p. ---).

Although the exceptant denied signing the deed (II p. 7) her testimony was not corroborated in any respect, and on collateral matters her testimony was vague and contradictory. (e.g. II p. 101). She had a reputation among family members of being forgetful (I p. 124). She had acknowledged to a niece that she had sold her interest in the property (I p. 120) the notary public who took her acknowledgment was well known to her. (II p. 12). A highly qualified Questioned Document Examiner (Plaintiff's Exhibit 11) was of the "very definite opinion" that her signature on the deed was genuine. (Plaintiff's Exhibit 10). Although she had ample opportunity to do so (I p. 5), she either did not submit the deed to a Document Examiner for an opinion, or did so and elected not to call him as a witness. (II p. 38 *et seq.*).

Not only were the Commissioner's findings justified under the evidence, the Court is of the opinion that the evidence clearly and convincingly supports the findings of the Commissioner and any contrary finding would have had to be reversed.

The exceptions are, therefore, overruled. The Court has signed the proffered decree of sale and it is forwarded to the Clerk herewith for entry.